# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| KWASSUH WESLEY GLENN DICK, | ) | |
| Plaintiff, | ) | |
| | ) | 3:16-cv-00584-RCJ-WGC |
| vs. | ) | |
| | ) | |
| WILLIAM E. SCHAEFFER et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff has sued the Austin Township Justice Court ("the ATJC") and a Justice of the Peace thereof, William Schaeffer *in pro se* in this Court. He has now filed an emergency motion.

## I. FACTS AND PROCEDURAL HISTORY

In Count I, Plaintiff alleges that unidentified Lander County Sheriff's Office deputies interfered with his hunting activities in 2012 in violation of the Treaty with the Snake (Northern Paiute) of 1865. Specifically, the deputies arrested him on June 7, 2012 for having killed three antelope. Plaintiff spent four days in the Lander County Jail without being brought before a judge. The ATJC continued his trial to July 2013 at his request. Plaintiff requested that the "Winnemucca Traditional Tribal Court" hear his case. That purported court accepted his request and purported to rule in his favor. Nevertheless, the ATJC proceeded in some fashion in October 2013 (the allegations are largely illegible). In Count II, Plaintiff alleges "judicial misconduct" by Justice Schaeffer for having ignored the purported acquittal in the tribal court.

## II. DISCUSSION

Any cause of action under 42 U.S.C. § 1983 based on the allegations under Count I would appear to be barred by the statute of limitations, because the actions alleged therein pre-date the filing of the Complaint by more than two years. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (citing Nev. Rev. Stat. § 11.190(4)(e)). Although the statute is an affirmative defense, the applicability of the defense here appears on the face of the Complaint, making dismissal appropriate at the pleading stage. *See, e.g.*, *Hyatt Chalet Motels, Inc. v. Carpenters Local 1065*, 430 F.2d 1119, 1120 (9th Cir. 1970). The Court will therefore order Plaintiff to show cause why Count I should not be dismissed under the statute of limitations. Also, Justice Schaeffer would appear to be absolutely immune against any claim under § 1983 no matter how wrongly the matter was decided in substance or procedure so long as his court had jurisdiction over the crime(s) charged. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Plaintiff has made no showing of a lack of jurisdiction. A tribal court may not take jurisdiction over a state criminal action away from a state court. The Court will therefore order Plaintiff to show cause why the entire Complaint should not be dismissed based on judicial immunity.

In his present motion, Plaintiff claims that the ATJC dismissed the charges against Plaintiff (three counts under NRS 501.376 - Unlawful Killing or Possession of Big Game Without a Valid Tag) with prejudice when the state failed to produce its witnesses at the time scheduled for trial. The present motion concerns Plaintiff's October 24, 2016 arrest by Fallon Paiute–Shoshone Tribal Police based on a contempt of court warrant issued by the ATJC. Plaintiff asks the Court to direct the U.S. Marshals Office to take him into "protective custody" and transport him to his home (presumably from the Lander County Jail, although his current location is not alleged). The present motion is not signed by Plaintiff but by "Benny Mills, Elder Traditional Speaker" who does not claim to be an attorney admitted before this Court. The Court denies the motion. First, it has not been filed by Plaintiff or anyone authorized to make filings

with the Court on his behalf; a layperson may not appear in federal court on behalf of another; one must be a publicly licensed attorney-at-law to appear in court on behalf of another, not merely an attorney-in-fact under a private power of attorney. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *McShane v. United States*, 366 F.3d 286, 288 (9th Cir. 1966); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953), *cert. denied*, 347 U.S. 944 (1954). Second, even if the Court were to interpret the present motion as a habeas corpus petition under 28 U.S.C. §§ 2241 or 2254 (the motion is silent as to whether Plaintiff has been convicted for contempt or remains a pre-trial detainee), Plaintiff has made no showing that the order of contempt upon which the arrest was made was contrary to federal law. He has not even alleged the basis of the order of contempt.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion (ECF No. 5) is DENIED.

IT IS FURTHER ORDERED that within twenty-eight (28) days of the entry of this Order into the electronic docket, Plaintiff shall show cause why Count I should not be dismissed under the statute of limitations and why the entire Complaint should not be dismissed based on judicial immunity.

IT IS SO ORDERED.

Dated this 27th day of October, 2016.

_____
ROBERT C. JONES
United States District Judge