**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KWASSUH WESLEY GLENN DICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WILLIAM E. SCHAEFFER et al., ) <br> ) <br> Defendants. ) <br> _____ ) | 3:16-cv-00584-RCJ-WGC <br><br> **ORDER** |

Plaintiff Kwassuh Dick sued the Austin Township Justice Court ("the ATJC") and Justice of the Peace William Schaeffer *in pro se* in this Court. In Count I, Plaintiff alleged that unidentified Lander County Sheriff's Office deputies interfered with his hunting activities in 2012 in violation of the Treaty with the Snake (Northern Paiute) of 1865. Specifically, the deputies arrested him on June 7, 2012 for having killed three antelope. Plaintiff spent four days in the Lander County Jail without being brought before a judge. The ATJC continued his trial to July 2013 at his request. Plaintiff requested that the "Winnemucca Traditional Tribal Court" hear his case. That purported court accepted his request and purported to rule in his favor. Nevertheless, the ATJC proceeded in some fashion in October 2013 (the allegations are largely illegible). In Count II, Plaintiff alleged "judicial misconduct" by Justice Schaeffer for having ignored the purported acquittal in the tribal court.

Plaintiff filed an emergency motion asking the Court to direct the U.S. Marshals Office to

take him into "protective custody" and transport him to his home.  In the motion, Plaintiff noted that the ATJC had dismissed the charges against him when the state failed to produce its witnesses at the time scheduled for trial, but Plaintiff had been arrested on October 24, 2016 by Fallon Paiute–Shoshone Tribal Police based on a contempt of court warrant issued by the ATJC. The Court denied the motion because it was not signed by Plaintiff but by "Benny Mills, Elder Traditional Speaker," who was not an attorney admitted before the Court, and even if the motion had been signed by Plaintiff or an attorney, Plaintiff had made no showing that the order of contempt upon which the arrest was made was contrary to federal law and had not even alleged the basis of the order of contempt.  The Court then ordered Plaintiff to show cause why Count I should not be dismissed under the statute of limitations and why the entire Complaint should not be dismissed based on judicial immunity.  In his response, Plaintiff made no argument as to either issue.  Accordingly, the Court ruled that Count 1 was time-barred and that Defendants were entitled to judicial immunity against all claims.

Over 28 days later, Plaintiff filed the present "Judicial Notice," which the Clerk has entered into the docket as a motion to reconsider.  The notice appears to concern previous arguments made against the jurisdiction of the ATJC, but it identifies no basis for relief under Rule 60.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 13) is DENIED.

IT IS SO ORDERED.

DATED: This 24th day of May, 2017.

_____
ROBERT C. JONES
United States District Judge